IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Auto-Owners Insurance Company, | : | Case No. 3:05 CV 7038 |
| Plaintiff, | : | |
| vs. | : | |
| United States of America | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

Parties to this property damage action, which was removed to this court pursuant to 28 U.S.C. § 1346(b), consented to the jurisdiction of the undersigned United States Magistrate Judge according to 28 U.S.C. § 636(c). Pending is Defendant's unopposed Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 16). For the reasons that follow, the Magistrate grants the Motion to Dismiss with prejudice.

## FACTUAL BACKGROUND

Plaintiff, Auto Owners Insurance Company, (Auto Owners) filed this action in the Toledo Municipal Court seeking to recover property damages on behalf of its insured, Lynne M. Mezinko (Mezinko).[1] The complaint alleges that on or about April 14, 2004, Mezinko's motor vehicle was struck by a vehicle driven

---

[1] Auto-Owners Insurance Company v. Michael R. Brooks (CVE 04-25214 filed December 28, 2004).

by Michael Brooks (Brooks)(Docket No. 1, Gov. Exh. A, ¶s 1-3). At the time of the accident, Brooks was employed by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) (Docket No 16). Because Brooks was acting within the scope of his employment when the accident occurred, the Municipal Court action was removed to this court, which has exclusive jurisdiction over civil claims for monetary relief "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment . . ." 28 U. S. C. § 1346(b). Subsequently, the United States of America was substituted as a party defendant for Brooks pursuant to 28 U.S.C. § 2679(d).

The traffic report filed following the April 14, 2004 accident alleged that Brooks improperly passed Mezinko, which caused damage to her automobile (Docket No. 16, Attachment 1). On May 11, 2004, Plaintiff submitted a claim to ATF seeking $4,739.14 for repairs to Mezinko's automobile (Docket No. 16, Ex. 1, Declaration of Harry B. Pass, Chief of the Administrative Programs Division of ATF). ATF informed Plaintiff on June 17, 2004 that its claim was denied. Further, Plaintiff was instructed to file a lawsuit in the appropriate United States District Court within six months of the mailing of the notice of denial if Plaintiff was dissatisfied with ATF's denial of the claim (Docket No. 16).[2]

Plaintiff filed its Municipal Court lawsuit against Brooks on December 28, 2004, in which it sought to recover $4,716.95 for damage to the Mezinko vehicle, $509.96 for loss of use of the vehicle, and $500 for Mezinko's deductible (Docket No. 16, Ex. 2).

Defendant argues that this action should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to file a lawsuit in the appropriate United States District Court within six months of the mailing

---

[2] This letter was mailed via certified mail. The return receipt indicates that Plaintiff received the letter on June 23, 2004 (Docket No. 16).

of ATF's denial of the claim. Thus, Defendant asserts that Plaintiff is time-barred from filing a claim to recover property damages based on the statute of limitations under the Federal Tort Claims Act (FTCA). 28 U. S. C. § 2401(b).[3]

## MOTION TO DISMISS STANDARD

When subject matter jurisdiction is challenged pursuant to 12(b)(1), Plaintiff has the burden of proving jurisdiction in order to survive the motion. *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Assn., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (*citing Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). Specifically, Plaintiff must show that the complaint "alleges a claim under federal law, and that the claim is 'substantial.'" *Id.* (*citing Musson Theatrical, Inc.*, 89 F.3d at 1248). Plaintiff will survive the motion to dismiss by showing "any arguable basis in law" for the claims set forth in the complaint. *Id.* The Court will construe the complaint in a light most favorable to the Plaintiff, accept as true all of Plaintiff's well-pleaded factual allegations, and determine whether Plaintiff can prove no set of facts supporting [the] claims that would entitle him to relief. *Id.* (*citing Ludwig v. Bd. of Trustees of Ferris St. U.,* 123 F.3d 404, 408 (6th Cir. 1997)).

## ANALYSIS

The government moves for dismissal of the complaint claiming that the Court lacks subject matter jurisdiction over this lawsuit. The FTCA provides the exclusive remedy available to persons injured by the tortious conduct of a federal employee acting within the scope of his/her employment and such action must be

---

[3]

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b) (1994).

3

filed against the United States under the FTCA. *See e.g.,* 28 U.S.C. §§ 1346(b); 2671-2680. The federal district courts have exclusive jurisdiction over FTCA actions. 28 U.S.C. § 1346(b).

A lawsuit against the United States cannot be maintained absent a waiver of sovereign immunity. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002); *Lunstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991). The FTCA constitutes a limited waiver of sovereign immunity making the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). Since Plaintiff's rights to sue arise under the FTCA enacted by Congress, such rights are subject to the restrictions which Congress has imposed. *Dalehite v. United States*, 346 U.S. 15, 27-30 (1953). The FTCA waives the United States' immunity from suit in certain situations, and the statute of limitations embodied with the Act is a condition of that waiver. *See, United States v. Kubrick*, 444 U.S. 111, 117-118 (1979). Compliance with the statute of limitations is a jurisdictional pre-requisite to maintaining a cause of action under the FTCA. *Blakely,* 276 F.3d at 865.

The issue of whether the Court lacks subject matter jurisdiction in this case rests on two factors: did Plaintiff file its lawsuit against the proper Defendant and was the lawsuit timely filed after receiving the administrative denial? In this case, Plaintiff's lawsuit was filed against Brooks, not the United States, in the wrong court after the statute of limitations had run.

The FTCA states that "[a] tort claim against the *United States* shall be *forever barred unless* it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun *within six months* after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added). As noted in *Allgeier v. United States*, "the United States is the only proper defendant in a suit alleging negligence by a federal employee . . . . Failure to name the United States as defendant in an FTCA suit results in a *fatal lack*

4


*of jurisdiction*." 909 F.2d 869, 871 (6th Cir. 1990) (emphasis added). Thus, when Plaintiff filed suit against Brooks and not the United States, Plaintiff's claim could have only endured any jurisdictional challenge if Plaintiff had filed an amended complaint.

Under *Allgeier*, the court noted that even if the amended complaint occurs after the statutory period for filing a complaint, the amendment may relate back to the original filing date if there has been either "delivery of process to and receipt by the United States Attorney" or "mailing of process to the Attorney General" within the statutory period. *Id.* at 873. However, if the United States Attorney receives notice after the statutory period has run, the claim is barred. *Id.* at 874 (noting that notice four days after expiration of the statutory period barred Plaintiff's claim). In this case, not only did Plaintiff fail to amend the complaint to name the United States as the defendant, Plaintiff filed the lawsuit against Brooks eleven days after the six month statutory period, which is calculated from the date of mailing of the denial letter. *See Graham v. United States*, 196 F.3d 446, 488 (9th Cir. 1996). Thus, the United States could not have received notice within the statutory period.

Even if the lawsuit were properly filed against the United States, the litigation was not filed in a timely manner. As noted in *Kubrick*, "Section 2401(b), the limitations provision involved here is the balance struck by Congress in the context of tort claims against the government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." 444 U.S. at 117.

Plaintiff was notified via registered mail of June 17, 2004, that its claim was administratively denied and that if Plaintiff wished to contest the decision, Plaintiff must file a lawsuit "in the appropriate United States District Court not later than six months after the date of the mailing of this notification" (Docket No. 16). Thus, Plaintiff was on notice of the appropriate forum and time limitation for filing a lawsuit should Plaintiff disagree with the administrative denial. By failing to file a timely action in the appropriate court, Plaintiff's claim was barred. 28 U.S.C. § 2401(b); *Allgeier*, 909 F.2d at 874; *Blakely,* 276 F.3d at 865.

Finally, any attack against subject matter jurisdiction should be construed most favorably toward the Plaintiff. *Branch & St. Joseph Counties Rail Users Assn., Inc.*, 287 F.3d 568. In some instances, even though the claim was filed untimely, the statutory period is equitably tolled. *Irwin v. Depart. of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, the circumstances in which the period is tolled is generally limited. *Id.* ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.") (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)); *see also Chomic v. U.S.*, 377 F.3d 607, 616 (6th Cir. 2004). Therefore, even if the facts are viewed most favorably toward the Plaintiff, it appears unlikely that Plaintiff can present an argument for equitable tolling because the damage to the property was known immediately and the Defendant notified Plaintiff of the statute that applied, the denial of the claim, and the actions that Plaintiff should take if Plaintiff disagreed with the decision. Thus, there is no apparent reason why Plaintiff could not have filed the claim within this district court in a timely manner.

For these reasons, the Magistrate grants Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. **A telephone status conference is set for Friday, August 12, 2005, at 2:00 p.m. to address resolution of the government's counterclaim. To participate in the conference, counsel are asked to call 1-800-516-9896 and when prompted to dial 483-783#.**

So ordered.

    /s/ Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge